## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Tim Johnson

v.

Spotsylvania
Mini-Warehouse
Associates

August 9, 1991

Case No. L-91-216

By JUDGE WILLIAM H. LEDBETTER, JR.

The issue presented is whether this action for damages, arising from an allegedly improper lien enforcement sale under the Virginia Self-Storage Act, is demurrable.

*Facts*

The case is before the court on demurrer. Therefore, all facts alleged in the motion for judgment and all reasonable inferences that may be drawn from those allegations are, for purposes of this decision, deemed admitted as true. *Grossman v. Sanders*, 237 Va. 113 (1989). As alleged in the motion for judgment, the facts are as follows.

The plaintiff, Johnson, entered into a lease agreement with the defendant, Spotsylvania Mini-Warehouse, for storage space in the latter's self-service storage facility. Johnson stored household items there. Johnson defaulted in the payment of rent, and after three months of arrearage, Spotsylvania Mini-Warehouse gave notice that it would sell the items if the rent was not paid. Spotsylvania Mini-Warehouse advertised the sale, and on April 21, 1990, sold the items for the sum of $250.00.

## Pleadings

Johnson instituted this action for damages, claiming that the sale was a "sham." He alleges that the items were sold in bulk rather than separately; that only one bid was received; that the items were worth approximately $15,000.00; and that the sale was advertised in the "least conspicuous manner possible" within the statutory requirements. He concedes, however, that the sale was conducted in "technical" compliance with the Act.

Spotsylvania Mini-Warehouse filed a demurrer, contending that its compliance with the provisions of the Act, conceded by Johnson, ended the matter.

A hearing on the demurrer was held on August 5, 1991. This opinion reflects the court's ruling on the demurrer.

## Applicable Law

The Act creates a lien in favor of the owner of a self-storage facility on all personal property stored in its storage spaces for rent, other charges, and allowable expenses. Virginia Code § 55-418. If the occupant, i.e., the person renting storage space, is in default under the lease agreement, the owner may enforce its lien by public sale after first giving notice to the occupant and advertising the sale in accordance with the provisions of the Act. Virginia Code § 55-419. From the proceeds of sale, the owner satisfies its lien and delivers the balance, if any, to the owner or other lienholder.

Other Code provisions establish similar lien enforcement procedures in favor of certain creditors. Some of the more commonly-used provisions of this sort are: (1) the default provisions of Article 9 (secured transactions) of the Uniform Commercial Code (specifically, Virginia Code § 8.9-504); (2) the lien enforcement provisions applicable to innkeepers, garagemen, and mechanics (specifically, Virginia Code § 43-34); and (3) sheriffs' sales of property under levy (specifically, Virginia Code Section 8.01-492). Despite similarities, however, each of these lien enforcement sale statutes is different.

Article 9 of the U.C.C. authorizes a secured creditor to dispose of collateral either by public or private sale and imposes a standard of "commercial reasonableness." In contrast, no such standard is applied to lien enforcement sales by innkeepers, garagemen, and mechanics or to sheriffs selling property under levy. In both of those cases, only public sale is authorized. The statutory provisions that govern the sale in question here prescribe a public auction and contain the following limitation upon liability:

> So long as the owner complies with the provisions of this chapter [i.e., the Act], the owner's liability to the occupant under this chapter shall be limited to the net proceeds received from the public auction . . . . Virginia Code Section 55-419(E).

### Decision

The court rejects Johnson's suggestion that a U.C.C.-type standard of commercial reasonableness, or something akin to it, should be applied to sales under the Act. If the General Assembly had intended to impose such a standard upon owners of self-service storage facilities, it could have done so. Instead, it provided a detailed statutory procedure for notice and advertisement, restricted the mode of sale to public auction for cash, and then limited the owner's liability if the statutory procedure is followed. The U.C.C. standard cannot be judicially shifted to other lien enforcement procedures, especially where, as here, the legislature has expressly provided a different standard.

Does this mean that these lien enforcement sales, when conducted in compliance with statutory procedure, are immune from judicial review? The answer, of course, is no.

In *Manufacturers Hanover Trust Co. v. Koubek*, 240 Va. 276 (1990), the Court voided a sheriff's sale conducted under Virginia Code § 8.01-492, notwithstanding the fact that the statutory requirements of notice and advertising had been met, because the sale actually was private rather than public, and the parties, with the sheriff's acquiescence, had imposed conditions on the sale that predetermined

the sale price. Quoting a treatise on judicial sales, the Court said that any agreement to "avoid or reduce competition" at such a sale is tantamount to fraud, and the sale is void.

This court is of the opinion that *Koubek* stands for the proposition that a public sale under the lien enforcement statutes must be conducted in compliance with the statutory procedure *and* must be, in reality, a public sale. Thus, while the judiciary cannot superimpose an undefined standard of "fairness" or "reasonableness" on the statutory procedure prescribed by the legislature, the courts will not allow the intent of the statute, a genuine public sale designed to attract competitive bids, to be subverted by fraud or subterfuge.

In the case at bar, Johnson has alleged no facts that would entitle him to recover under *Koubek*. Having admitted that the sale was conducted in compliance with the statutory procedure set forth in Virginia Code Section 55-419, he has walked into the teeth of the liability-limiting provision of Virginia Code § 55-419(E) and can extricate himself, and thereby state a cognizable cause of action, only by alleging facts sufficient to show that the so-called "public sale" was really nothing more than a sham or subterfuge -- in essence, a fraud. In his motion for judgment, Johnson labels the sale a "sham" but alleges no facts in support of such a conclusion. The fact that there was only one bidder at the sale, without more, is not indicia of fraud. The fact that the items were sold as one lot instead of separately does not indicate fraud. And, as pointed out in a footnote in *Koubek*, the fact that the items were sold far below their value does not, of itself, vitiate the sale.

(In another recent lien enforcement sale case, the Court voided a sale by a mechanic under Virginia Code Section 43-34. *Newport News Shipbuilding v. B & L Auto Body*, 241 Va. 31 (1991). However, that case involved defective notice and thus noncompliance of the statutory procedure and for that reason is inapposite.)

## Conclusion

For the reasons explained, the demurrer will be sustained. If Johnson can in good faith amend his pleading

to set forth factual allegations of a sham sale, or fraud, he will be permitted to do so within twenty-one days of the date of the order; otherwise, the case will be dismissed.